■ JOHN KOLE, Respondent, v. FRANCIS L. BROWN et al., Doing Business under the Name of BROWN & BLAUVELT, Appellants.— Order entered on January 5, 1961, denying and granting, in part, defendants' motion for summary judgment, modified, on the law, to the extent of granting summary judgment to the defendants as to the overtime claim based on the alleged oral modification of the written agreement, and, as so modified, affirmed, with $20 costs and disbursements to defendants-appellants. The plaintiff may, if he be so advised, within 20 days of service of the order herein with notice of entry, amend the complaint to include a cause of action in *quantum meruit* for work alleged to have been required by defendants to be performed by plaintiff in excess of the reasonable limits provided for in the contract. If plaintiff claims he did perform work in excess of what was reasonably required under the contract, he should be allowed to prove it but only after he so alleges in a proper pleading. It is a different cause of action than the one he now pleads and cannot be on the contract itself or any modification thereof. Concur — Breitel, J. P., Rabin and McNally, JJ.; Eager and Steuer, JJ., dissent in part in the following memorandum by Steuer, J.: I concur to the extent of the modification to grant summary judgment to defendants as to the overtime claim. I dissent from so much of the modification as allows the plaintiff to amend the complaint to include a cause of action in *quantum meruit* for work alleged to have been required by defendants to be performed by plaintiff in excess " of the reasonable limits provided for in the contract." The provision in the contract is: " (d) The work week for which the Employee is required to render service is expected to average approximately 48 hours. However, the Employee agrees to work such hours and shifts as are reasonably required for the performance of his work and the duties of his position without increase or decrease of the salary or compensation mentioned in paragraph ' a ' of this Section ' 3 '." It is to be noted that the period that the contract provides that the plaintiff employee shall work are such hours and shifts as are reasonably required for the performance of his work and the duties of his position. There is no proof whatsoever in the case that the amount of time that the plaintiff worked in any week was in excess of what was required for the performance of his work and the duties of his position. Actually, plaintiff's proof was that while he worked a considerable number of hours in excess of the 48 hours estimated in his agreement to be the time he would be expected to average, the excess was due to the exigencies of the situation. Plaintiff actually contracted for all of his time and, in view of a contract of that character, no claim based on *quantum meruit* can be entertained (*Baron* v. *Lowenstein & Sons,* 300 N. Y. 530). The direction above would seem to indicate that the

defendants required work to be done in excess of the contract. While plaintiff was employed by the defendants the work that he was required to do was fixed not by the defendants but by a contractor who was performing work which plaintiff was to check and observe on behalf of defendants. Defendants made no requirements as to the time or extent of his work. This was governed exclusively by the activities of a third person, and the wording of the contract indicates that this was the contemplation of the parties. Consequently no claim based on *quantum meruit* can be entertained. The denial of defendants' motion for summary judgment in respect to the claim for overtime should be reversed and the motion granted without condition.